UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RONALD ALEXY LANDAVERDE,
ALEJANDRO LOPEZ VENTURA, JOSE
HECTOR MEJIA, on behalf of himself and all
others similarly situated,

                Plaintiffs,

-against-

DAVE MURRAY CONSTRUCTION & DESIGN,
INC. d/b/a MURRAY DESIGN & BUILD
and DAVE MURRAY, individually,

                Defendants.
----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   SEP 11 2017   ★

LONG ISLAND OFFICE

MEMORANDUM AND ORDER

CV 15-5379

(Wexler, J.)

APPEARANCES:

    LAW OFFICE OF PETER A. ROMERO PLLC
    BY:   Peter A. Romero, Esq.
    Attorney for Plaintiffs
    103 Cooper Street
    Babylon, New York  11702

    GILBERT LAW GROUP
    BY:   Howard E. Gilbert, Esq.
    Attorneys for Defendants
    425 Broadhollow Road, Suite 405
    Melville, New York  11747

WEXLER, District Judge:

    Before the Court is Plaintiffs' motion for partial summary judgment with respect to

Defendants' liability under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and

the New York Labor Law ("NYLL"). Defendants oppose the motion. For the following reasons, Plaintiffs' motion for partial summary judgment is granted in part and denied in part.

## BACKGROUND

This is a collective action brought by former employees of Defendant Dave Murray Construction & Design, Inc. ("Dave Murray Construction") to recover inter alia unpaid overtime wages, pursuant to the FLSA and the NYLL. Defendant Dave Murray ("Murray") is the sole owner of Dave Murray Construction. The relevant facts are taken from the parties' Local Civil Rule 56.1 Statements,[1] unless otherwise noted.

Dave Murray is the owner and shareholder of Dave Murray Construction. During their employment, Plaintiffs all performed various labor tasks associated with construction or renovation of residential properties located within Suffolk County. Murray was responsible for determining each Plaintiff's compensation, including his regular rate of pay as well as overtime pay. Plaintiffs were all paid their wages in cash.

Plaintiffs commenced the within action on September 17, 2015, alleging violations of the FLSA and the NYLL. Discovery having concluded, Plaintiffs now move for partial summary judgment, solely with respect to liability. Defendants oppose the motion on the grounds that there are questions of fact necessitating a jury trial.

---

[1] While Defendants did not file a formal Rule 56.1 Statement, as required by the Local Civil Rules, they did file an attorney affirmation, as well as an affidavit from the individual Defendant, Dave Murray, in which they stipulated to certain paragraphs in Plaintiffs' Rule 56.1 Statement. The Court deems this filing acceptable and considers the remaining paragraphs of Plaintiffs' Rule 56.1 Statement to be denied by Defendants.

## DISCUSSION

I. <u>Legal Standard</u>

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to establish the lack of any factual issues. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). The very language of this standard reveals that an otherwise properly supported motion for summary judgment will not be defeated because of the mere existence of some alleged factual dispute between the parties. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). Rather, the requirement is that there be no "genuine issue of material fact." <u>Id.</u> at 248.

The inferences to be drawn from the underlying facts are to be viewed in the light most favorable to the non-moving party. See <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 588 (1986). When the moving party has carried its burden, the party opposing summary judgment must do more than simply show that "there is some metaphysical doubt as to the material facts." <u>Id.</u> at 586. In addition, the party opposing the motion "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 248.

When considering a motion for summary judgment, the district court "must also be 'mindful of the underlying standards and burdens of proof' . . . because the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions." <u>SEC v. Meltzer</u>, 440 F. Supp. 2d 179, 187 (E.D.N.Y. 2006) (quoting <u>Brady v. Town of Colchester</u>, 863 F.2d 205, 211 (2d Cir. 1988)) (internal citations omitted). "Where

the non-moving party would bear the ultimate burden of proof on an issue at trial, the burden on the moving party is satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim." Meltzer, 440 F. Supp. 2d at 187.

II.     Individual Liability Under the FLSA

"To be held liable under the FLSA, a person must be an 'employer,' which § 3(d) of the statute defines broadly as 'any person acting directly or indirectly in the interest of an employer in relation to an employee." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 141 (2d Cir. 1999) (quoting 29 U.S.C. § 203(d)). The Second Circuit has instructed that "the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in economic reality rather than technical concepts." Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013) (quotation omitted). In determining the economic reality of an employment relationship, the Court should consider "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Id. at 105 (citing Carter v. Dutchess Community College, 735 F.2d 8, 12 (2d Cir. 1984) (additional citation omitted). Courts should also consider whether the individual has "operational control"[2] over the company, as well as the totality of the circumstances. Irizarry, 722 F.3d at 104, 106-10.

It is undisputed that Murray is the sole owner and operator of Dave Murray Construction.

---

[2] "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." Irizarry, 722 F.3d at 110.

(Murray Aff. § 1.) It is further undisputed that Murray was responsible for determining Plaintiffs' rate of pay. Moreover, Defendants utterly fail to address this claim in their opposition to the within motion. Since the evidence demonstrates that there are no other individuals who could possibly be responsible for the operational control of Dave Murray Construction - and since Defendants do not oppose the motion with respect to this claim - the Court finds that there is no genuine issue of material fact with respect to Murray's individual liability. Accordingly, Plaintiffs' motion for summary judgment is granted as to this claim. Any damages that Plaintiffs ultimately recover will be awarded jointly and severally against Defendants Murray and Dave Murray Construction.

III.     Statute of Limitations

Plaintiffs also move for summary judgment with respect to the applicable statute of limitations to be applied here, noting that the New York Labor Law allows for a six-year statute of limitations. See N.Y. Labor Law § 663(1), (3). Again, Defendants do not oppose this part of Plaintiffs' motion.

Accordingly, Plaintiffs' motion is granted and the Court will apply a six-year statute of limitations in this action, consistent with the New York Labor Law. Since Plaintiffs commenced this action on September 17, 2015, their claims for unpaid wages will encompass the period from September 17, 2009 to September 17, 2015.

IV.      The Remaining Claims

Having reviewed the papers in support of and in opposition to Plaintiffs' motion for

partial summary judgment, the Court finds that genuine issues of material fact exist with respect to Plaintiffs' claims for unpaid overtime and violation of the Wage Theft Prevention Act, N.Y. Labor Law § 195(3). Such issues of fact preclude the entry of summary judgment at this time. Accordingly, the remainder of Plaintiffs' motion for partial summary judgment is denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for partial summary judgment is granted in part and denied in part. There are no genuine issues of material fact with respect to the statute of limitations that controls here and, as stated above, a six-year statute of limitations will be applied, consistent with the New York Labor Law. In addition, the Court finds that Defendant Murray is individually liable under the FLSA and any damages recovered by Plaintiffs will be imposed jointly and severally against Defendants. In all other respects, Plaintiffs' motion for partial summary judgment is denied.

**SO ORDERED:**

Dated: Central Islip, New York
       September 11, 2017

/s/ Leonard D. Wexler
LEONARD D. WEXLER
United States District Judge